## ASSESSMENTS—DEDICATION—DEEDS—MUNICIPAL CORPORATION

[Lucas (6th) Court of Appeals, December 14, 1914.]

Richards, Chittenden and Kinkade, JJ.

\*CARRIE E. VROOMAN ET AL. V. TOLEDO (CITY) ET AL.

**1. City Accepting Deed of Land for Boulevard Enjoined from Assessing Cost of Improvement Against Lands of Abutting Grantor.**

Where a city, having statutory authority to acquire land for street purposes and assess the cost upon the general tax list, purchases land to be used as a boulevard, and as a consideration for such land agrees that such land shall be improved for boulevard purposes within ten years, and that no special tax or assessment for the improvement thereof or the maintenance of said boulevard will ever be levied or assessed against the property abutting said boulevard, except such as is levied in the general levy for park purposes, and where the deed for such property is executed by the grantor and delivered to the city and the city takes possession of such land and improves the same in accordance with the terms of the deed, it will be enjoined from assessing the cost of such improvements against the abutting lands of the grantor.

**2. Provision Exempting Abutting Lands of Grantor of Deed from Maintenance Assessments Invalid.**

That part of such agreement providing that the abutting lands of the grantor shall never be assessed for the maintenance of such boulevard is against public policy and is void.

**3. Dedication of Lands for Streets Imposing Conditions not Taking Control from Public Authorities.**

A dedication of land for streets may impose any conditions not inconsistent with public policy and which do not take the dedicated property from the control of the public authorities.

**4. Conditions in Dedication Sustained not Inconsistent With Public Policy.**

Dedication rests upon good faith, and in so far as good faith requires the parties to comply with the contract and is not inconsistent with a sound public policy, the conditions contained in a dedication will be sustained.

[Syllabus by the court.]

APPEAL demurrer to petition.

*Kohn, Northup, Ritter & McMahon,* for plaintiffs.

\*Motion to certify record overruled, Toledo v. Vrooman, 60 Bull. 420.

*W. S. Thurstin Jr.,* city solicitor, and *Thomas L. Gifford,* for defendants.

## CHITTENDEN, J.

This cause has been submitted upon a demurrer to the petition. The petition sets forth, in substance, that in the fall of 1899 certain of the plaintiffs, for a valuable consideration, sold and transferred by proper deed of conveyance, to the defendant, the city of Toledo, certain property therein described. The petition reads in part as follows:

"One of the considerations and conditions of said sale of the premises last above described to the city of Toledo, as evidenced by and contained in said last mentioned deed of conveyance was and is that the said premises last above described, together with other lands procured by said city for the same purposes, would be opened by said city from Walbridge Park to Ottawa Park in said city and improved by turnpiking on or before July 1, 1900, and that said boulevard between said points would all be permanently improved and completed by opening it to its full length and grading it to its permanent grade, constructing roadways, improving the same with gravel or other suitable material to make improved roadways thereof, within ten years from the date of said last described conveyance, and would in like manner be perpetually maintained as a boulevard and that no special tax or assessment for the improvement thereof or the maintenance of said boulevard would ever be levied or assessed against the property abutting said boulevard except such as is levied in the general levy for park purposes. Ever since said seventh day of November, 1899, the said defendant, the city of Toledo, has been the owner and in possession of the premises last above described."

Thereafter in the petition it is alleged that the city took possession of the property and improved the same as a boulevard, in accordance with the condition of the deeds as set forth in the petition. That as a part of the improvement the city constructed sidewalks along the side of the boulevard and in front of the premises of the several plaintiffs, and thereafter passed an ordinance levying a special assessment against the

abutting property to pay the cost and expense of the construction of the sidewalks, the amount assessed against each piece being specifically set forth in the petition. It is alleged that the ordinance was duly approved and that the assessment was thereafter certified to the auditor of the county who placed the assessments against the several parcels of land of the plaintiffs upon the tax duplicate of Lucas county, to be collected with the general taxes. An injunction is asked restraining the collection of the assessments so levied by the city.

The only question sought to be raised by the demurrer, and the only question argued, is the validity of the condition set forth in the deeds as one of the considerations for the sale of the property. It is claimed that the condition which provides that no special tax or assessment for the improvement of the boulevard or the maintenance of the same would ever be levied or assessed against the property abutting upon the boulevard, except such as are levied for general park purposes, is void because it is an attempt to exempt property from taxation.

The claims of the several parties have been presented to the court in oral argument and by briefs. We have examined the cases cited by counsel and many others, but do not believe it would be profitable to enter upon an extended examination and analysis of these casts in this opinion.

At the time the deeds were executed the city was empowered, by virtue of Sec. 1692 R. S., Par. 18, to lay off, establish, open, widen, narrow, straighten, extend, keep in order and repair streets, etc. By Par. 34 of the same section the city was empowered to acquire, by purchase or otherwise, and to hold real estate.

Section 2263 R. S., provided that when the corporation appropriated or otherwise acquired lots or lands for the purpose of laying off, opening, extending, straightening or widening a street, the council might assess the cost and expense of such appropriation or acquisition and of the improvement, upon the general tax list, in which case the same should be assessed upon all the taxable real and personal property in the corporation.

Vrooman v. Toledo.

Section 2264 R. S., provided that in the city of Toledo the municipality might, if it so desired, assess the cost and expense of such improvement upon either the general tax list or upon the benefited property, and provided for the time when such assessments might be made due and payable, etc.

It is to be observed that the petition alleges that this contract has been fully performed, the grantors having executed and delivered the deed for the property, and the city having accepted such deed and taken possession of the property and improved the same in accordance with the conditions and provisions of the deed. Therefore, all those cases in which the parties sought by mandamus to compel the specific performance of similar agreements are of little, if any, assistance in determining the question here presented.

The statutes above cited conferred upon the city full power to acquire the land in question, either by process of condemnation or by purchase. Had it been acquired by condemnation, under the decisions of this state the cost and expense could not be assessed upon the abutting land.

*Cincinnati, L. & N. Ry.* v. *Cincinnati,* 62 Ohio St. 465 [57 N. E. Rep. 229; 49 L. R. A. 566]; 4 Longsdorf's Notes, 839.

In Ohio, therefore, when property is acquired by a city for the purpose of opening and laying out a street, unless the method provided for by the special act, Sec. 2264, is followed, tho cost thereof must be paid by the city and assessed upon the general tax list. There is no claim that the city undertook to act under Sec. 2264 in the purchases set forth in the petition in this case.

The decided cases sustain the statement of the law set forth in 2 Elliott, Roads & Streets Sec. 678, as follows:

"In the absence of legislative authority a city, under ordinary circumstances at least, has no power to make contracts for the exemption or commutation of local assessments."

The law is stated to the same effect in 1 Page & Jones, Taxation Sec. 616, and in 28 Cyc. 1133.

After a careful consideration of the facts alleged in the petition we do not construe the contract as therein set forth

as one granting exemption from taxation. There was no attempt by the wording of the deed to exempt the property from general taxation. The deed provided, first, that the abutting property should not be subject to any special tax or assessment for the improvement of the boulevard, and, second, that it should not be required to pay any special tax or assessment for the maintenance of the boulevard. The provision that the abutting property should not be called upon to pay any assessment for the construction and improvement of the boulevard is, in effect, an agreement that the value of the land so conveyed by the grantors to the city was equal in value to the cost of making the improvement contemplated. The city needed the land for the purpose of constructing a boulevard connecting its several park properties. This land was valuable and its value was recognized by the city. The construction of the boulevard would no doubt be of some value to the abutting property of the grantors. That the construction and improvement of the boulevard would entail a given expense upon the city was known. The grantors and the city were competent to contract and it was undoubtedly concluded that the values were equal, and that the one should be offset by the other. There is no claim that the one value was not as great as the other, and there is nothing in the pleading to indicate that either the city or the grantor was imposed upon. This view of the case is in accordance with the opinion of the U. S. circuit court of appeals in the case of *Bartholomew* v. *Austin*, 85 Fed. Rep. 359 [29 C. C. A. 568], and the case of *Grant* v. *Davenport*, 36 Iowa 396, 405, 406, cited by the circuit court of appeals in the above case.

The case at bar we think corresponds in principle with the case of *Coit* v. *Grand Rapids*, 115 Mich. 493, in which case, concerning a similar contract, Judge Grant, rendering the opinion, said:

"The contract was one of sale and purchase. The deed was not intended as a gift."

See also, *Omaha* v. *Megeath*, 46 Neb. 502 [64 N. W. Rep. 1091]; *Browne* v. *Palmer*, 66 Neb. 287 [92 N. W. Rep. 315].

There is no positive statutory provision requiring a city

Vrooman v. Toledo.

to pay for the property so acquired, in money. The city having purchased the land and paid the consideration agreed upon by making the improvements as provided in the deed, and having retained and used the land for boulevard purposes, it would seem to be inequitable to permit the city to thereafter collect from the grantors the cost of making the improvements that the city had agreed specifically to make as a consideration for the land conveyed by the grantors to the city.

The case presented by the petition is quite different from the case of *Richards* v. *Cincinnati,* 31 Ohio St. 506, in which the owners of land dedicated certain streets and sought to attach to the dedication a stipulation that the adjoining property should thereafter be exempt from assessments for the improvement of such streets.

That contracts on behalf of a municipality by which it is attempted to exempt property from assessments and taxes indefinitely, are contrary to public policy, we think, is well established upon authority of the decided cases and upon reason. We therefore hold that that part of the condition in the deed which provides that the abutting property shall never be assessed for the maintenance of the boulevard is void. *Coit* v. *Grand Rapids, supra.*

The court in the case just cited did not decide the effect of an agreement to exempt abutting lands from taxation for the maintenance of the sewer under the terms of the deed in that case, but raised the question as to whether or not the contract would be valid in so far as it undertook to exempt from the maintenance of the sewer.

We do not find that the cases cited by counsel for the city are in conflict with the conclusion we have reached. They are all, or nearly all, readily distinguishable upon grounds that are not obscure.

The demurrer will be overruled and the defendant given leave to answer.

**Kinkade** and **Richards, JJ.,** concur.

**June 7, 1915**

### CHITTENDEN, J.

This action was begun to enjoin the city from collecting from the plaintiffs the cost of construction of certain sidewalks. The case was recently before this court on a demurrer to the petition. In overruling the demurrer the court expressed its views upon the subject matter sufficiently at length.

Since the former hearing an answer has been filed and evidence taken and the case is now submitted upon the evidence. We find nothing in the evidence that materially changes the situation as presented by the allegations set forth in the petition.

It is claimed that the deeds from the plaintiffs to the defendant, the city of Toledo, introduced in evidence, disclose that the transaction between the plaintiffs and the city was not that of sale and purchase, but was that of a dedication by the plaintiffs of certain land to the city for street purposes. It is not very material whether the transaction be treated as a dedication or a sale, and it would avail little to enter into any distinctions between grant and dedication. In our opinion the evidence does not disclose that the conveyance amounted merely to a dedication. If, however, it be assumed that such is the character of the conveyance, the law is entirely settled that such dedication may impose any conditions not inconsistent with public policy, or which do not take the property dedicated from the control of the public authorities. It appears to the court to be entirely clear that the plaintiffs did not intend to make a gift to the city of the land in question, but that they were to receive, as a consideration therefor, the construction of a boulevard, with its driveways and walks, as set forth in the deed.

We hold, as stated in the former opinion, that in so far as the deed undertook to exempt the adjoining property from assessments for the future maintenance of the boulevard, the conditions are void as against public policy, but in so far as it provides against assessments for the original construction of the boulevard, it is not invalid.

Vrooman v. Toledo.

It has been frequently stated that the doctrine of dedication rests upon good faith, and, in so far as good faith requires the parties to comply with the contract and it is not inconsistent with a settled public policy, the conditions contained in a dedication will be sustained. These principles have been so frequently set forth in decisions and in the text-books that authorities will not be cited here. This conclusion is not in conflict with the decision of the Supreme Court in *Richards* v. *Cincinnati*, 31 Ohio St. 506, in which case there was a plain dedication of land for streets, in which dedication it was sought by a condition to interfere with the legal provisions as to the improvement of the streets, by providing that the lots should be exempt from charges for the improvement of streets unless a majority of the abutting owners should assent thereto in writing.

Nothing more need be added here in view of the announcement of the court in its former opinion. A decree may be drawn in favor of the plaintiffs in accordance with this opinion.

**Richards** and **Kinkade, JJ.**, concur.

---

## AUTOMOBILES.

[Sandusky (6th) Court of Appeals, October 6, 1916.]

Richards, Chittenden and Kinkade, JJ.