**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2789
_____

UNITED STATES OF AMERICA

v.

ISIAH JORDAN,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 2-17-cr-00486-001)
District Court Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
May 20, 2019
_____

Before: McKEE, SHWARTZ and FUENTES, *Circuit Judges*

(Opinion filed: August 29, 2019)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

In this appeal,[1] Isiah Jordan challenges the district court's conclusion that his prior

conviction for second-degree sexual assault under 18 Pa. Cons. Stat. § 3124.1 is a "crime

of violence" pursuant to U.S.S.G. § 4B1.2(a). That section defines a crime of violence, in

relevant part, as any federal or state offense punishable by more than one year in prison

"that (1) has as an element the use, attempted use, or threatened use of physical force

against the person of another," or "(2) is murder, voluntary manslaughter, kidnapping,

aggravated assault [or] a forcible sex offense . . . ."[2] Second-degree sexual assault is

defined in Pennsylvania as "engag[ing] in sexual intercourse or deviate sexual intercourse

with a complainant without the complainant's consent."[3] The district court concluded that

second-degree sexual assault was a crime of violence and, accordingly, calculated

Jordan's sentence with an enhanced base offense level.[4]

In so deciding, the court also concluded that "the sentence that [it] would reach

today . . . will be the same regardless of [the] decision [it] made on the enhancement, on

the definition of a crime of violence."[5] The district court, thus, provided two grounds for

---

[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Where, as here, the defendant raised the alleged sentencing error before the District Court, we review the sentence for abuse of discretion. *United States v. Russell*, 564 F.3d 200, 203 (3d Cir. 2009).
[2] U.S.S.G. § 4B1.2(a).
[3] 18 Pa. Cons. Stat. § 3124.1.
[4] With the enhancement, Jordan's total offense level was calculated at 19 and the resulting guidelines range was 37 – 46 months' imprisonment. He argues that without the sentencing enhancement his total offense level would have been 13 and the resulting guidelines range 18 – 24 months' imprisonment.
[5] App. 226.

its sentence. It failed, however, to explain its reasons for the alternative ground for its sentence – namely, why it would impose the same sentence without the crime of violence enhancement – as required by, for example, *United States v. Smalley*,[6] and *United States v. Carter*.[7] We will vacate the district court's judgment and remand to the district court to elaborate on the alternative ground for the sentence imposed.

---

[6] 517 F.3d 208, 214 n.6 (3d Cir. 2008).
[7] 730 F.3d 187, 193 (3d Cir. 2013).